STATE OF SOUTH CAROLINA ) COURT OF COMMON PLEAS
) C/A 14-CP-03-0*( (
COUNTY OF ALLENDALE )
)
JALEN A. COHEN, )
)
    Plaintiff, ) COMPLAINT
) (JURY TRIAL DEMANDED)
vs ) (FALSE ARREST)
)
TOWN OF ALLENDALE, ) RECEIVED
)
    Defendant ) APR 3 0 2014
)
    INSURANCE RESERVE FU[ND]
    CLAIMS DEPARTMENT

Plaintiff, complaining of Defendant, would respectfully show unto this Honorable Court and allege as follows.

1. Plaintiff is, and was at all relevant times herein, a citizen and resident of a state other than South Carolina

2. Defendant is a political subdivision or public entity of the State of South Carolina as defined in Section 15-78-1 et seq of the Code of Laws of South Carolina, (1985), as amended. This action is brought pursuant to the South Carolina Tort Claims Act, § 15-78-10, et seq., S C Code Ann. (1976), as amended, this Court has jurisdiction, and venue is proper in Allendale County pursuant to § 15-78 100, South Carolina Code of Laws (1976), as amended, where the acts and/or omissions causing Plaintiff's injuries occurred

4. The most substantial parts of the acts or omissions giving rise to the causes of action stated herein, occurred in Allendale County, South Carolina.

5. At all relevant times herein, Officer Pope and any other officers mentioned herein were agents, servants and/or employees of Defendant Town of Allendale and were

1

acting within the scope and course of said agency, service and/or employment and were acting within the scope of their official duties with Defendant Town of Allendale.

6. On or about November 6, 2013, Plaintiff was operating his vehicle in Allendale, South Carolina, when Officer Pope initiated his blue light and stopped Plaintiff in the IGA parking lot. Officer Pope then administered field sobriety tests, which Plaintiff passed; however, Officer Pope handcuffed and arrested Plaintiff and transported Plaintiff to jail; Defendant then administered two breathalyzer tests, both of which Plaintiff passed, Defendant then released Plaintiff.

7. At no time relevant herein did Plaintiff commit any crime and Defendant had no just cause or reasonable suspicion to accuse and arrest Plaintiff for committing a crime nor did Defendant have any reason to jail Plaintiff.

## FOR A FIRST CAUSE OF ACTION
(False Arrest & Imprisonment)

8. The allegations contained above are re-alleged and restated herein verbatim.

9. Defendant restrained and confined the Plaintiff in an unreasonable manner and for an unreasonable length of time, said restraint was intentional, unlawful, and deprived Plaintiff of his liberty.

10. As a direct and proximate result of Defendant's actions, Plaintiff suffered a false arrest, incurred legal expenses, suffered emotional trauma, mental anguish and loss of his freedom.

## FOR A SECOND CAUSE OF ACTION
(Gross Negligence)

11. The allegations contained above are re-alleged and restated herein verbatim.

12. Defendant owed Plaintiff a duty to use reasonable care in hiring, training and supervising its employees.

13.  Defendant was grossly negligent and reckless in failing to properly hire, train, and supervise its employees; in failing to properly inform its officers of the meaning of the law in arresting or causing the arrest of Plaintiff without just or probable cause and detaining Plaintiff for an unreasonable length of time in plain view of bystanders in administering field sobriety tests and in jailing Plaintiff without proper grounds for doing so.

14.  As a direct and proximate result of Defendant's gross negligence and recklessness, Plaintiff suffered physical injuries, mental anguish, emotional trauma, nervousness, worriation, embarrassment, humiliation, damage to his reputation and standing in the community, and other damages as set forth above.

### FOR A THIRD FOURTH CAUSE OF ACTION
(Defamation)

15.  The allegations contained above are re-alleged and restated herein verbatim.

16.  By detaining, searching, arresting and transporting Plaintiff to jail, Defendant represented and insinuated that Plaintiff had committed a crime and thereby made communications with a defamatory meaning, said communications were defamatory per se as they accused Plaintiff of committing a crime, said communications were false, and obviously concerned Plaintiff; Defendant published these communications to friends and family of Plaintiff, other bystanders, and to the public.

17.  As a direct and proximate result of Defendant's actions, Plaintiff suffered extreme emotional distress, nervousness, worriation, embarrassment, humiliation, and damage to his reputation and standing in the community and other damages as set forth above

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages,

for the cost of this action and for such other and further relief as this Court may deem just and proper.

By
GOODING AND GOODING, P.A.

H. Woodrow Gooding, SC Bar #2180
Mark B. Tinsley, SC Bar #15597
Attorneys for Plaintiff
P.O. Box 1000
Allendale, SC 29810
(803) 584-7676

Dated: 4/4/14

4